■ SEBASTIAN'S COVE, LTD., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72690.)—In a condemnation proceeding, the claimant appeals, on the ground of inadequacy, from so much of a judgment of the Court of Claims (Silverman, J.), entered September 18, 1989, as awarded the claimant damages in the principal sum of only $48,250.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The evidence amply supports the determination that the

highest and best use of the subject parcel, which was largely comprised of wetlands and lands that were underwater, would be its development as the site of a single-family home. The Court of Claims found, and we agree, that Southold Town Code § 100-136 excludes "lands which are subject to flooding" from the gross area calculation when determining the number of lots available for cluster development and that tidal wetlands as defined in Southold Town Code § 97-13 are "lands which are subject to flooding". As the claimant's expert conceded, once the tidal wetlands were excluded from the gross area calculation, the subject parcel would have only yielded 1.17 lots, and not the 3 lots the claimant still contends could have been obtained. Accordingly, since the claimant raises no other issue on appeal as to the values arrived at by the court, the judgment is affirmed insofar as appealed from.

We note that while the claimant may have been entitled to present evidence relating to the incremental value of the recreational land had the wetland restrictions been removed (see, Chase Manhattan Bank v State of New York, 103 AD2d 211; see also, Berwick v State of New York, 107 AD2d 79), it never attempted to present such evidence and cannot now be heard to complain that such values were not utilized in calculating the damage award (see, Spears v Berle, 48 NY2d 254, 263). Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.